UNDER SEAL

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FEB 1 6 2018

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF<br>INFORMATION ASSOCIATED WITH:<br>**lisahshapiro@aol.com**<br>THAT IS STORED AT PREMISES<br>CONTROLLED BY **AOL** | Case No. 1:18-sw-94<br><br>**Filed Under Seal** |

## UNITED STATES' MOTION TO SEAL AND
## FOR 18 U.S.C. § 2705(b) NONDISCLOSURE ORDER

The United States of America, pursuant to Local Rule 49(B) of the Local Criminal Rules for the U.S. District Court for the Eastern District of Virginia, now asks for an order to seal the search warrant, application, supporting affidavit, and this motion and proposed order, until the United States makes a motion to unseal these materials. In addition, pursuant to 18 U.S.C. § 2705(b), the United States asks this Court to order AOL not to disclose the existence of these materials to the customer and/or subscriber until such time as the materials are unsealed, or for a renewable period of 1 year, whichever occurs first.

I. **Reasons for Sealing (*See* Local Rule 49(B)(1))**

1. At the present time, agents of the Federal Bureau of Investigation (FBI) are investigating a computer intrusion against a local business.

2. Premature disclosure of the specific and sensitive details of this ongoing investigation would jeopardize this ongoing criminal investigation, including by giving targets an opportunity to flee prosecution, destroy or tamper with evidence and witnesses, change patterns of behavior, and notify confederates. In addition, given the nature of the crimes under investigation and the status of the investigation, the specific details of the evidence included in

the affidavit necessarily contain sensitive law enforcement information about an ongoing investigation. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

3. The United States has considered alternatives less drastic than sealing, including, for example, the possibility of redactions, and has determined that none would suffice to protect this investigation.

## II. The Governing Law (*See* Local Rule 49(B)(2))

4. It is generally recognized that the public has a common-law right of access, but not a First Amendment right of access, to judicial documents, including documents associated with *ex parte* proceedings such as search warrants and orders issued pursuant to 18 U.S.C. § 2703. *See In re Application of the United States of America for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 292 (4th Cir. 2013); *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005). To substantively overcome the common law presumption of access to search warrant materials, a court must find that there is a "significant countervailing interest" in support of sealing that outweighs the public's interest in openness. *In re Application*, 707 F.3d at 293, *citing Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir. 2003).

5. Before a district court generally may seal judicial records or documents, it must (a) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (b) consider less drastic alternatives to sealing the documents, and (c) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

6. Regarding the notice requirement in the specific context of search warrants, the Fourth Circuit has cautioned that "the opportunity to object" cannot "arise prior to the entry of a sealing order when a search warrant has not been executed." *Media Gen. Operations*, 417 F.3d at

429. "A rule to the contrary would endanger the lives of officers and agents and allow the subjects of the investigation to destroy or remove evidence before the execution of the search warrant." *Id.* Accordingly, in the context of search warrants, "the notice requirement is fulfilled by docketing 'the order sealing the documents,' which gives interested parties the opportunity to object after the execution of the search warrants." *Id.* at 430 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989)); *see also* Local Rule 49(B) ("Until an executed search warrant is returned, search warrants and related papers are not filed with the Clerk.").

7. Finally, regarding the requirement of specific findings, the Fourth Circuit's precedents state that "'in entering a sealing order, a 'judicial officer may explicitly adopt the facts that the government presents to justify sealing when the evidence appears creditable,'" *Media Gen. Operations*, 417 F.3d at 430 (quoting *Goetz*, 886 F.2d at 65), so long as the ultimate "decision to seal the papers . . . [is] made by the judicial officer," *Goetz*, 886 F.2d at 65. Moreover, "[i]f appropriate, the government's submission and the [judicial] officer's reason for sealing the documents can be filed under seal." *Id.* at 65; *see also In re Wash. Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986) ("[I]f the court concludes that a denial of public access is warranted, the court may file its statement of the reasons for its decision under seal."). The government's interest in sealing may be supported by a desire to maintain the secrecy of the investigation, preventing potential subjects from being tipped off, or altering behavior to thwart the government's ongoing investigation. *In re Application*, 707 F.3d at 293.

## III. Period of Time the United States Seeks to Have Matter Remain Under Seal (See Local Rule 49(B)(3))

8. Pursuant to Local Rule 49(B)(3), the search warrant materials will remain sealed until the need to maintain the confidentiality of these materials and the related investigation expires, after which time the United States will move to unseal the materials.

9. Notwithstanding this motion, the United States requests authorization to provide copies as necessary to execute the requested search warrant.

## IV. Reasons for Order of Nondisclosure pursuant to 18 U.S.C. § 2705(b)

10. Pursuant to 18 U.S.C. § 2705(b), this Court may order a company not to notify any other person (including any subscriber and/or customer) of the existence of a search warrant issued pursuant to § 2703 for such times as this Court deems appropriate, so long as this Court finds that there is reason to believe such notification would result in, among other factors, "flight from prosecution," "destruction of or tampering with evidence," or "otherwise seriously jeopardizing an investigation." *Id.* at §§ 2705(b)(2), (3), & (5).

11. In this case, there is reason to believe that notification to any person of the existence of the search warrant would result in flight from prosecution and destruction of or tampering with evidence. This is because the investigation is ongoing and because the subjects, who are unaware of the ongoing investigation, may, upon becoming aware of investigation, flee or destroy and delete electronic and other evidence of their illegal actions. In addition, any notified subject may also alert other subjects involved in the criminal activity, thus seriously jeopardizing the investigation. A 1-year period, subject to future extensions, would be an appropriate amount of time for nondisclosure.

WHEREFORE, the United States respectfully requests that the search warrant, application, supporting affidavit, and this motion and proposed order, be sealed, and further

requests that the Court order AOL not to notify any person, including the subscribers or customers of the accounts, of the existence of the search warrant and related materials, pursuant to 18 U.S.C. § 2705(b), until further order of the Court, or for a period of 1 year, whichever occurs first. The United States seeks permission to extend this time period through further application.

Date: February 15, 2018

Respectfully submitted,

Tracy Doherty-McCormick
Acting United States Attorney

By: _____
Kellen Dwyer
Assistant United States Attorney